IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JERRY SLEDGE,

    Plaintiff,

v.                                                        CASE NO. 1:21-cv-10-MW-GRJ

UNITED STATES OF AMERICA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's First Amended Complaint.  ECF No. 5.  For the reasons explained below, it is respectfully **RECOMMENDED** that the First Amended Complaint should be **DISMISSED without leave to amend** for failure to prosecute and, alternatively, as frivolous pursuant to 28 U.S.C. § 1915(e).

Plaintiff, proceeding *pro se*, initiated this lawsuit on January 13, 2021. ECF No. 1.  That same day, the undersigned entered an order notifying Plaintiff that his "Complaint" suffered from several deficiencies.  ECF No. 3. First, Plaintiff failed to utilize the Court's approved form for a civil rights complaint by *pro se* non-prisoners.  N.D. Fla. Loc. R. 5.7(A).  Second, Plaintiff failed to pay the requisite $402.00 filing fee or file a motion to proceed as a pauper.  N.D. Fla. Loc. R. 5.3.  Third, Plaintiff failed to plead

any cognizable, let alone a plausible, claim against the sole named

Defendant, the United States of America.  The Court advised Plaintiff, in

some detail, of the pleading standard set out in the Federal Rules of Civil

Procedure (as described in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) and of

the United States' sovereign immunity.  ECF No. 3 at 2–4.   Ultimately, the

undersigned provided Plaintiff the opportunity to correct these deficiencies

by February 12, 2021, or face dismissal.  *Id.* at 4–5.

On January 26, 2021, Plaintiff filed his First Amended Complaint.

ECF No. 5.  Plaintiff continues to name the United States of America as the

sole Defendant, *id.* at 1–2, and the allegations therein remain cursory and

vague.  Plaintiff states the instant action is not "about [his] civil rights being

violated" but, instead, is "a lawsuit on separation of church and state."  *Id.*

at 3.  Plaintiff refers to a 2008 federal prosecution against him, states his

claim is for "freedom of religion," and, as to relief, requests the "[r]elease of

all lands held by the Government."  *Id.* at 4–5.

The First Amended Complaint is before the undersigned for

screening pursuant to 28 U.S.C. § 1915(e).  The Court must dismiss a

claim if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which

relief may be granted; or (iii) seeks monetary relief from a defendant who is

immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court may

dismiss an action as frivolous if it is "based on an indisputably meritless

legal theory" or "claims whose factual contentions are clearly baseless."

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  It bears mentioning that

"while courts show leniency to *pro se* litigants not enjoyed by those with the

benefit of a legal education, this leniency does not give a court license to

serve as de facto counsel for a party, or to rewrite an otherwise deficient

pleading in order to sustain an action."  *Petersen v. Smith*, 762 F. App'x

585, 593 (11th Cir. 2019).

The First Amended Complaint is due to be dismissed for two reasons.

First, Plaintiff has not paid the requisite $402.00 filing fee, nor has he filed a

motion to proceed *in forma pauperis*.  The Local Rules are clear: "A party

who files or removes a civil case must simultaneously either pay any fee

required under 28 U.S.C. §1914 or move for leave to proceed *in forma*

*pauperis* under 28 U.S.C. §1915."  N.D. Fla. Loc. R. 5.3.  Plaintiff's failure

to comply with Local Rule 5.3 following the Court's screening order on

January 13, 2021, is willful and warrants the ultimate sanction of dismissal.

Fed. R. Civ. P. 41(b); *Olivares v. Warden, USP Coleman I*, 786 F. App'x

994 (11th Cir. 2019).

Second, the First Amended Complaint is frivolous because it fails to

advance any claim that has merit in fact or law.  Plaintiff does not assert

any factual allegations to support the claim that the United States of

America has violated his "freedom of religion" or the "separation of church

and state." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Brennan v.*

*Aldazabal*, 772 F. App'x 852, 852 (11th Cir. 2019). And, as the Supreme

Court has explained, an action is legally frivolous when it alleges "claims of

infringement of a legal interest which clearly does not exist." *Neitzke*, 490

U.S. at 328. What's more, the United States of America is entitled to

sovereign immunity on Plaintiff's constitutional claim. *Caldwell v. Klinker*,

646 F. App'x 842, 847 (11th Cir. 2016); *United States v. Timmons*, 672

F.2d 1373, 1380 (11th Cir. 1982).

This leaves the question of whether Plaintiff should be granted further

leave to amend his allegations. Ordinarily, "[i]f the underlying facts or

circumstances relied upon by a plaintiff may be a proper subject of relief,"

*Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be

freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court

may properly deny leave to amend the complaint when such amendment

would be futile. 371 U.S. at 182. The Court concludes that further

amendment would be futile because it would not cure the factual and legal

frivolity of the claim Plaintiff attempts to raise here against the United

States. *Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013).

Accordingly, it is respectfully **RECOMMENDED** that the First

Amended Complaint, ECF No. 5, should be **DISMISSED without leave to**

**amend** for failure to prosecute and, alternatively, as frivolous pursuant to

28 U.S.C. § 1915(e).

**IN CHAMBERS** this 22nd day of February 2021.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.